UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES T. KIMBALL, | ) | CASE NO. 4:11 CV 1719 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT R. FARLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner James T. Kimball filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Kimball, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names F.C.I. Elkton Warden Robert Farley as Respondent. He claims the Bureau of Prisons (BOP) has impermissibly added 4 years to his prison term. He has filed a Motion for Appointment of Counsel (Doc. No. 3), Motion to Correct Court Error (Doc. No. 4) and Third Request/ Motion for this Court to expedite Petitioner's Writ for Release (Doc. No. 5). For the reasons set forth below, the Petition is dismissed.

*Background*

On May 24, 2000, a jury in the United States District Court for the Middle District of Florida convicted Mr. Kimball of, *inter alia*, adulteration or misbranding of any food or drug in violation of 21 U.S.C. §331.[1] *See United States v. Kimball*, No. 8:99-cr-00256 (M.D. Fla. July15,1999).  He was sentenced to a total of 156 months' imprisonment on October 19, 2000.

While incarcerated at the Federal Prison Camp in Jesup, Georgia, Mr. Kimball left the prison on December 5, 2005 to assist his ailing wife. At that time, FPC Jesup placed him on "escape status."[2]

In April 2009, Mr. Kimball was arrested by federal authorities in Georgia.  An indictment was subsequently filed against him in the United States District Court for the Southern District of Georgia on May 7, 2009. *See United States v. Kimball*, No. 2:09-cr-00016 (S.D. Ga. 2009).  The indictment charged Mr. Kimball with escape from federal prison in violation of 18 U.S.C. § 751(a).  The United States later moved the court to dismiss the indictment against Mr. Kimball without prejudice and "in the interest of justice."  The motion was granted and the court dismissed the indictment on May 10, 2010.

The BOP also charged Mr. Kimball with escape.  A Disciplinary Hearing Officer (DHO) subsequently dismissed the charge after the District Court of Georgia dismissed Case No. 2:09-cr-00016.  He alleges the DHO ordered any reference to the escape charge expunged from his records.

---

[1] Mr. Kimball claims he was illegally arrested on these charges, held against his will and sentenced in violation of due process.

[2] BOP policy states: "If a person departs federal custody after arrest without the permission of the Attorney General or order of the court, then such person will be placed in escape status and the sentence then serving shall become inoperative." BOP PS 5880.30, Chapter V, pgs. 1–2, ¶ 2.a.

Mr. Kimball now argues "certain employees within the BOP" are attempting to void the DHO's decision to expunge his record. Moreover, he claims the BOP is effectively charging him with escape by "adding 4 more years" to his sentence.

Attached to the Petition are copies of Mr. Kimball's requests for administrative remedies. His final appeal to the National Inmate Appeals Administrator was denied on March 4, 2011. He has fully exhausted his request for relief.

*Analysis*

Mr. Kimball argues the BOP is exceeding the scope of its authority. He claims the dismissal of the escape charge by the government and the DHO entitle him to 1218 days credit against his sentence for the period of time he left prison to care for his wife. He provides Black's Dictionary definition of the word "escape" to suggest that his absence from prison was authorized. Mr. Kimball believes the BOP is trying to penalize him for his absence from prison for almost 4 years, even though he was not convicted of escape. He seeks the "reinstatement" of 1218 days to his federal sentence, immediate placement in a half-way house or home confinement under the Second Chance Act or a speedy jury trial.

*Federal Habeas Petitions*
*28 U.S.C. § 2241*

A habeas corpus proceeding is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The statute requires that a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has

jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.  Because this Court has personal jurisdiction over the warden at F.C.I. Elkton, the matter is properly before this Court. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held).

### *Not Entitled to Release*

There is no basis in law to grant Mr. Kimball's request.  While he mentions the Second Chance Act in his prayer for relief he has not alleged why he is entitled to relief under the Act.  Further, he does not explain his conclusion that he is entitled to a jury trial.  *See  Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th  Cir. 1987)(legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences).

After a district court sentences a federal offender, it is the Attorney General, through the BOP, who has responsibility for administering the sentence.  *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").  The sentence Mr. Kimball was ordered to serve required 156 months' imprisonment. Nothing in the Petition or attachments aver that the district court reduced his term of imprisonment.  Therefore, absent any assertion of entitlement to statutory credit or claim the BOP miscalculated his 156 month sentence, Mr. Kimball has not stated any claim for relief.

Mr. Kimball asserts the BOP exceeded the scope of its authority by failing to credit his sentence during what he perceives as an excused period of absence.  As the warden explained in her response to his Request for Administrative Remedy, however, once Mr. Kimball left FPC

Jesup on December 5, 2005 without the permission of the warden, Attorney General or an order of the court, BOP policy required the immediate suspension of his prison sentence. It was only upon his arrest in Georgia, on or about April 7, 2009, that Mr. Kimball was taken back into federal custody. Thus, for 1218 days he was not in prison serving his term.

Contrary to his assertions, the BOP is properly executing the sentence imposed by the District Court of Georgia by requiring him to serve 156 months in prison. The fact that the government dismissed the escape charge against Mr. Kimball does not entitle him to a reduced prison sentence. Instead, the affect of dismissing the escape charge is the avoidance of *additional* prison time for Mr. Kimball, a sentence that could have been imposed were he convicted of escape. Mr. Kimball is not entitled to benefit from leaving prison without permission by having his prison term of 156 months reduced by 1218 days. The actual period of time he will spend incarcerated is no longer than the sentence imposed by the District Court of Georgia. The fact that his release date has been postponed by 1218 days resulted from his decision to leave the confinement of prison for that length of time.

*Conclusion*

Based on the foregoing, the Motion for Appointment of Counsel (Doc. No. 3) is **denied**, the Motion to Correct Court Error (Doc. No. 4) the Civil Cover Sheet to reflect Mr. Kimball's request for a jury trial is **denied as moot** and the Third Request/ Motion for this Court to expedite Petitioner's Writ for release (Doc. No. 5) is **denied**. This Petition is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                    <u>S/ JAMES G. CARR</u>
                    UNITED STATES DISTRICT JUDGE